**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**Civil Action No. 1:23-cv-00127-LLK**

**SCOTTY K.**                                                                                                                    **PLAINTIFF**

**v.**

**MARTIN O'MALLEY, Commissioner of Social Security**                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. [Doc. 1]. Plaintiff's brief is at Doc. 15, the Commissioner's brief in opposition is at Doc. 20, and Plaintiff's reply brief is at Doc. 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 12].

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On August 16, 2022, the ALJ issued the Commissioner's final decision denying Plaintiff's SSI claim. [Administrative Record, Doc. 11 at 29-40]. The ALJ found that Plaintiff was not disabled from July 30, 2021, when he applied for SSI benefits, and August 16, 2022, the date of the ALJ's decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 30, 2021, when he applied for benefits. *Id.* at 31.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: cervical degenerative disc disease, carpal tunnel syndrome, rheumatoid arthritis, depression, and anxiety. *Id.*

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 32.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). The ALJ found that, notwithstanding his physical impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds … can occasionally balance, stoop, kneel, crouch, and crawl … can occasionally reach overhead bilaterally and frequently reach in all other directions bilaterally … can frequently push/pull with the bilateral upper extremities … can frequently handle, finger, and feel bilaterally … can make occasional use of foot controls … can tolerate occasional exposure to humidity, extreme heat, vibration, unprotected heights, and dangerous moving machinery.

*Id.* at 33. The ALJ found that, notwithstanding his mental impairments, Plaintiff can:

> … understand, remember, and carry out simple, routine tasks and instructions in a routine work setting for extended 2-hour periods before the need for a regularly scheduled break … can interact occasionally with the general public.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 38.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy such as final assembler, document preparer, and polisher. *Id.* at 39.

## Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted).

The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009).  A reviewing court decides only whether substantial evidence supports the ALJ's decision.  *Id.*  If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion.  *Id.*

**The argument in Plaintiff's brief is unpersuasive.**

In his brief, Plaintiff's sole argument is that "the Commissioner erred as a matter of law by failing to adequately incorporate or articulate why he was not incorporating into the RFC [i.e., the ALJ's residual functional capacity finding], all persuasive limitations that were assessed by the state agency medical experts Drs. Barnfield and Thompson."  [Doc. 15 at PageID.1580].

In March 2020, Kathy Seigler, Psy.D., examined Plaintiff at the request of the Commissioner.  Dr. Seigler's narrative report is at Doc. 11, pp. 448-52.

In September 2021, in light of Dr. Seigler's findings and the medical evidence as a whole, the Commissioner's non-examining psychological expert, Kay Barnfield, Psy.D., found that Plaintiff has an RFC for:

> … Understanding and performing simple and detailed instructions, can sustain attention for extended periods of 2-hour segments, while maintaining regular attendance and being punctual within customary tolerances.
>
> … Interacting with supervisors and co-workers with occasional public contact, accepting instruction and responding appropriately to feedback from supervisors, and working in proximity to familiar others without being unduly distracted.
>
> … Responding appropriately to occasional change in work tasks and can avoid hazards.

*Id.* at 104.

In January 2022, Mary K. Thompson, Ph.D., adopted Dr. Barnfield's RFC. *Id.* at 113-14.

The ALJ found that the opinions of Drs. Barnfield and Thompson to be "generally persuasive." *Id.* at 38. The ALJ determined that Plaintiff has an RFC to:

> … understand, remember, and carry out simple, routine tasks and instructions in a routine work setting for extended 2-hour periods before the need for a regularly scheduled break … can interact occasionally with the general public.

*Id.* at 33.

The ALJ's RFC corresponds to Barnfield / Thompson's RFC except that the ALJ's RFC does not mention Barnfield / Thompson's finding that Plaintiff is limited to "responding appropriately to [only] occasional change in work tasks." *Id.* at 33, 104, 113-14. Thus, the gravamen of Plaintiff's argument is that "the ALJ's RFC deficiently fails to mention the limitation of only 'occasional workplace changes' as found to be persuasive by the ALJ." [Doc. 15 at PageID.1583].

Plaintiff's argument is unpersuasive for three reasons.

First, the ALJ implicitly found that Plaintiff can tolerate occasional workplace changes when he found that Plaintiff can perform "simple, routine tasks and instructions in a routine work setting." [Doc. 11 at 33]. A routine work setting would be limited to occasional workplace changes.

Second, even if the ALJ did not implicitly address the limitation to occasional workplace changes found by Drs. Barnfield and Thompson, the ALJ was not required to do so. *See Charles W. v. Comm'r*, No. 3:22-cv-000312-DJH-CHL, 2023 WL 5011745, at *6 (W.D. Ky. July 5, 2023) ("Claimant presented no authority requiring an ALJ who finds an opinion persuasive to adopt it verbatim. In fact, the opposite is true.").

Third, assuming for the sake of argument that the ALJ erred in not explicitly addressing whether Plaintiff is limited to occasional workplace changes, the error was harmless. "[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r*, 167 F.

4

App'x 496, 507 (6th Cir. 2006). There is no evidence that the unskilled, sedentary jobs of final assembler, document preparer, and polisher that the ALJ found Plaintiff can perform, require more than occasional workplace changes. In fact, affirmative evidence indicates that an individual limited to occasional workplace changes **can** perform these jobs. *See e.g. Reeves v. Comm'r*, 2023 WL 5339003, at *6 (M.D. Tenn. Aug. 2, 2023) (final assembler job can be performed by an individual who can "adapt to occasional changes in the routine work setting"); *Osman v. Comm'r*, 2022 WL 4482433, at *2 (E.D. Mo. Sept. 27, 2022) (document preparer job can be perform by an individual who can tolerate "only occasional changes in work routines and settings").

**The argument in Plaintiff's reply brief is unpersuasive.**

In his reply brief, Plaintiff raises a new argument. Specifically, Plaintiff argues that "the ALJ failed to adequately account for mental limitations in the domain of adapting and managing in the RFC." [Doc. 21].

In determining that Plaintiff's mental impairments do not satisfy the Listing, the ALJ found that Plaintiff is limited as follows with respect to the so-called "paragraph B criteria" of the Listing:

1. Mild limitation in understanding, remember, or applying information.
2. Moderate limitation in interacting with others.
3. Mild limitation in concentrating, persisting, or maintaining pace.
4. Moderate limitation in adapting or managing.

[Doc. 11 at 32-33]. In determining Plaintiff's RFC, the ALJ revisited his finding of moderate limitation in adapting or managing and found that Plaintiff has an RFC to:

> ... understand, remember, and carry out simple, routine tasks and instructions in a routine work setting for extended 2-hour periods before the need for a regularly scheduled break ... can interact occasionally with the general public.

*Id.* at 33, 37.

Plaintiff's argument is unpersuasive for two reasons.

First, the argument is forfeited because it is a new argument not in Plaintiff's opening brief. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (finding that a plaintiff forfeited an issue that he included in his reply brief but failed to raise in his original brief); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("[T]he appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.").

Second, the "paragraph B" criteria correspond to clinical findings at the third / Listing step of the sequential evaluation process. Social Security Ruling (SSR) 96-8p, 1996 WL 374184. In contrast, an ALJ's RFC finding takes into account non-medical factors including daily activities. *Id.* It follows that a moderate limitation in a "paragraph B" criterion "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil v. Comm'r*, 805 F.3d 1199, 1203 (10th Cir. 2015). The ALJ provided sufficient information for the reader to understand why Plaintiff has a moderate limitation in adapting or managing and is restricted to occasional interaction with the general public. [Doc. 11 at 33].

## Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 11, 2024

Lanny King, Magistrate Judge
United States District Court